1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ANTHONY ARTHUR BUSH,                    Civil No.      12cv2573 GPC (NLS)
12  CDCR # J-85079,

13                          Plaintiff,       **ORDER:**

14                                           **(1)  DISMISSING FIRST AMENDED**
                                             **COMPLAINT FOR FAILING TO**
15                  vs.                      **STATE A CLAIM PURSUANT TO  28**
                                             **U.S.C. §§ 1915(e)(2)(B) & 1915A(b);**
16                                           **AND**

17  R.J. DONOVAN WARDEN; A.L. COTA;          **(2) GRANTING MOTION FOR**
    FACILITY IV LIEUTENANT; FACILITY         **LEAVE TO FILE AMENDED**
18  IV CAPTAIN; D.R. MORRIS;                 **COMPLAINT**

19                          Defendants.
20

21

22                                    **I.**

23                          **PROCEDURAL HISTORY**

24          On October 22, 2012, Anthony Arthur Bush ("Plaintiff"), an inmate currently incarcerated

25  at Centinela State Prison located in Imperial, California, and proceeding in pro se, filed this civil

26  rights action pursuant to 42 U.S.C. § 1983  Plaintiff did not prepay the $350 filing fee mandated

27  by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP")

28  pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  This Court granted Plaintiff's Motion for leave

to proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted.   (ECF No. 3 at 9-10.)  Plaintiff was given leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  (*Id.*)  Plaintiff then filed two Motions for Extension of Time to Amend Complaint.  (ECF No. 5.)   Both of these Motions were granted and Plaintiff filed his First Amended Complaint ("FAC") on March 20, 2013.  (ECF No. 16.)  Plaintiff has also filed a "Motion for Leave to Amend Complaint." (ECF No. 18.)

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court informed Plaintiff in the previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were

not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

## A.     42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

## B.     Rule 8

As a preliminary matter, the Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8.    Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2).    Plaintiff has filed a seventy (70) page Complaint that contains very few factual allegations.    Instead, Plaintiff devotes a majority of his First Amended Complaint to providing his legal analysis of various cases and statutes.    As a result, as to many of his claims Plaintiff has failed to state a claim because he fails to provide the factual allegations that form the basis of his claims.    If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8.    He is further cautioned that he must also comply with Local Rule 8.2 which provides, in part,  that prisoners must use the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number."  S.D. CIVLR 8.2.

## B.     Statute of Limitations

Once again, it appears that Plaintiff's claims fall outside the applicable statute of limitations.  Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004);  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003, California's statute of limitations was

one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ).

Plaintiff's claims in this action arise from the time he was housed at the Richard J. Donovan Correctional Facility from October 31, 2008 to January 30, 2009. (ECF No. 16 at 1.) Thus, Plaintiff would have reason to believe that his constitutional rights were violated four years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his original Complaint in this case until October 22, 2012, which exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

While prisoners normally receive an additional two years of tolling of their claims due to their incarceration, Plaintiff is serving a sentence of life without the possibility of parole. In support of his claims, Plaintiff addresses his Petition for Writ of Habeas Corpus that he filed in *Bush v. Pliler, et al.*, S.D. Cal. Civil Case No. 01cv0142 J (NLS). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). In California, this tolling provision applies only to plaintiffs "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less

than for life." *Jones*, 393 F.3d at 927 (citing CAL. CIV. PRO. CODE § 352.1(a)).  In Plaintiff's Petition, Plaintiff acknowledges that he is serving a sentence of life without the possibility of parole.  *Bush v. Pliler, et al.*, S.D. Cal. Civil Case No. 01cv0142 J (NLS) (ECF No. 1 at 1.) Thus, because Plaintiff is serving a life sentence, he is not entitled to the extra two years of statutory tolling.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).  Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling.  *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

Here, Plaintiff maintains that he is entitled to equitable tolling for the time it took to exhaust his administrative remedies.  (*See* ECF No. 16 at 13.)  Ultimately, Plaintiff's administrative grievance relating to the claims he alleges in this action was denied at the Director's Level on July 23, 2010.  (*Id.* at 73.)  Therefore, even allowing for equitable tolling, Plaintiff had until July 23, 2012 to file this action.  Instead, Plaintiff did not file this action until October 22, 2012.  Accordingly, Plaintiff failed to timely file this action.

**D.    Access to Courts**

Plaintiff appears to base this claim on the denial of access to courts for two separate matters.  First, Plaintiff alleges that prison officials failed to allow him to prepare for his evidentiary hearing in the matter involving his petition for writ of habeas corpus.  Second, Plaintiff suggests that he was not allowed access to the prison's law library and as a result, he was unable to file a temporary restraining order relating to his conditions of confinement.

Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts."  *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).

In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, once again, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."). In addition, Plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Plaintiff claims that he wanted to file a temporary restraining order relating to the conditions of his confinement but fails to identify with any specificity the conditions that he claims violated the Eighth Amendment prohibition on cruel and unusual punishment. As to his claim relating to his petition for writ of

1  habeas corpus, a review of the matter of which the Court has previously taken judicial notice

2  indicates that Plaintiff was represented by counsel in the evidentiary hearing.  Plaintiff fails to

3  describe how additional time in the prison law library would be necessary given that his counsel

4  was the lead attorney in that matter.

5       Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim

6  upon which section 1983 relief can be granted.  *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213

7  F.3d at 446.

8       **E.     Fourteenth Amendment**

9       Plaintiff also claims that the RJD's administrative grievance procedure violates his right

10  to due process under the Fourteenth Amendment.  (ECF No. 16 at 58.)   The Fourteenth

11  Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or property,

12  without due process of law."  U.S. Const. amend. XIV, § 1.  "The requirements of procedural

13  due process apply only to the deprivation of interests encompassed by the Fourteenth

14  Amendment's protection of liberty and property."  *Board of Regents v. Roth*, 408 U.S. 564, 569

15  (1972).   State statutes and prison regulations may grant prisoners liberty or property interests

16  sufficient to invoke due process protection.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

17  To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest

18  protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack

19  of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

20       However, the Ninth Circuit has held that prisoners have no protected *property* interest in

21  an inmate grievance procedure arising directly from the Due Process Clause.   *See Ramirez v.*

22  *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement

23  to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

24  1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate

25  claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75

26  (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

27       In addition, Plaintiff has failed to plead facts sufficient to show that prison official

28  deprived him of a protected *liberty* interest by allegedly failing to respond to his prison

grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.  Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his First Amended Complaint fails to state a due process claim.

**F.    RLUIPA claims**

The Court does find that Plaintiff's claims brought pursuant to the  Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., survive the sua sponte screening process.  Claims brought pursuant to RLUIPA are subject to a four year statute of limitations.  *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).  Therefore, Plaintiff's RLUIPA claims are timely.  However, the Court must dismiss these claims at these times because Plaintiff fails to identify which Defendant, or Defendants, he claims is liable for the alleged violation of his rights under RLUIPA.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**III.**

**CONCLUSION AND ORDER**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.       Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant

to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) and as barred by the applicable statute of limitations.  Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18) is **GRANTED**. Plaintiff has sixty (60) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

     2.     The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

     IT IS SO ORDERED.

DATED:  June 11, 2013

HON. GONZALO P. CURIEL
United States District Judge