1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12

ANTHONY ARTHUR BUSH,
CDCR #J-85079,

13
                                    Plaintiff,

14
                vs.

15

16
R.J. DONOVAN WARDEN;
A.L. COTA, Associate Warden;
17
D.R. MORRIS, Chief Deputy Warden;
FACILITY IV CAPTAIN,
18
LIEUTENANTS,

19
                                    Defendants.

20

Civil No.    12cv2573 GPC (NLS)


**ORDER DISMISSING SECOND
AMENDED COMPLAINT
FOR FAILING TO STATE
A CLAIM PURSUANT TO
28 U.S.C. § 1915(e)(2)(B) AND
28 U.S.C. § 1915A(b)**

**[ECF Doc. No. 23]**

21       Anthony Arthur Bush ("Plaintiff"), currently incarcerated at Centinela State Prison

22   ("CEN") in Imperial, California, and proceeding pro se, initiated this action by filing a

23   civil rights complaint pursuant to 42 U.S.C. § 1983 on October 22, 2012 (ECF Doc. No.

24   1).

25   **I.    PROCEDURAL HISTORY**

26       On December 5, 2012, the Court granted Plaintiff leave to proceed *in forma*

27   *pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but dismissed his Complaint sua

28   sponte pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b) for failing to state a claim upon

which relief could be granted. *See* Dec. 5, 2012 Order (ECF Doc. No. 3) at 9-10. Specifically, the Court found that to the extent Plaintiff alleged his constitutional rights were violated at Richard J. Donovan Correctional Facility ("RJD") between October 2008 and January 30, 2009, while he was temporarily housed there on 'out-to-court' status in order to attend an evidentiary hearing, all his claims appeared, on the face of his Complaint, to be barred by California's 2-year statute of limitations. *Id.* at 4-5. In addition, the Court found that even if Plaintiff's claims were timely, his pleading "fail[ed] to set forth any specific factual allegations" as to RJD's Warden, Associate Warden, Facility Lieutenant, and Facility Captain, only one of whom (Associate Warden Cota) was identified by name, and all of whom appeared to be sued in their supervisory capacities only. *Id.* at 6. Finally, the Court found Plaintiff's access to courts and due process allegations failed to state a claim upon which relief could be granted. *Id.* at 6-9. Plaintiff was granted leave to amend, however, to "cure all the deficiencies of pleading" identified by the Court, informed that any claim not re-alleged would be considered waived, and cautioned that should his Amended Complaint still fail to state a claim, it would face dismissal without further leave to amend. *Id.* at 9-10 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

After requesting, and being granted, *three* separate extensions of time (ECF Doc. Nos. 6, 11, 15), on March 20, 2013, Plaintiff filed a 71-page First Amended Complaint ("FAC"), attached to which were more than 70 additional pages of exhibits (ECF Doc. No. 16). Plaintiff's FAC was followed quickly by a motion seeking additional leave to amend in order to identify Defendant D.L. Morris as the Defendant he has previously identified only as RJD's Chief Deputy Warden (ECF Doc. No. 18).

On June 11, 2013, however, the Court conducted the sua sponte screening of Plaintiff's FAC as required by both 28 U.S.C. § 1915(e)(2) and § 1915A(b), and found, as it did before, that Plaintiff still failed to state either an access to courts or due process claim, and that all his § 1983 condition of confinement claims, alleged to have arisen while at RJD from late October 2008 through late January 2009, remained subject to

dismissal as untimely.  *See* June 11, 2013 Order (ECF Doc. No. 19) at 3-8.  The Court further noted that Plaintiff's FAC violated FED.R.CIV.P. 8(a) insofar as it failed to contain "a short and plan statement of [any] claim showing that [he] [wa]s entitled to relief," included "very few factual allegations," and instead, was comprised of "his legal analysis of various cases and statutes." *Id.* at 3.  And while the Court detected what appeared to be a newly alleged free exercise claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") that was *not* untimely due to the four-year limitations period applicable to similar Acts of Congress enacted after December 1, 1990, *see id.* at 8 (citing *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012), Plaintiff nevertheless failed to "identify the Defendant, or Defendants, he claim[ed] [wa]s liable for [any] alleged violation of his rights under RLUIPA." *Id.*  Plaintiff was once again granted leave to amend, and this time warned that his failure to sufficiently address any of the pleading deficiencies identified by the Court would result in a "dismissal ... without [further] leave to amend," and a potential strike against him pursuant to 28 U.S.C. § 1915(g). *Id.* at 8-9.

After he was granted yet another extension of time on August 20, 2013 (ECF Doc. No. 22), Plaintiff filed his Second Amended Complaint ("SAC"), which is now subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.    Standard of Review**

As Plaintiff is now well aware, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

1   are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122,
2   1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002,
3   1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

4       All complaints must contain "a short and plain statement of the claim showing that
5   the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are
6   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
7   mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
8   (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "Determining
9   whether a complaint states a plausible claim for relief [is] ... a context-specific task that
10  requires the reviewing court to draw on its judicial experience and common sense." *Id.*
11  The "mere possibility of misconduct" falls short of meeting this plausibility standard.
12  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

13      "When there are well-pleaded factual allegations, a court should assume their
14  veracity, and then determine whether they plausibly give rise to an entitlement to relief."
15  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
16  ("[W]hen determining whether a complaint states a claim, a court must accept as true all
17  allegations of material fact and must construe those facts in the light most favorable to
18  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
19  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

20      However, while the court "ha[s] an obligation where the petitioner is pro se,
21  particularly in civil rights cases, to construe the pleadings liberally and to afford the
22  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
23  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in
24  so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board*
25  *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and
26  conclusory allegations of official participation in civil rights violations are not sufficient
27  to withstand a motion to dismiss." *Id.*
28  / / /

**B.      Plaintiff's Second Amended Complaint**

In his SAC, Plaintiff repeats allegations of being denied access to the court and due process related to RJD's mishandling of his administrative grievances, *see* SAC at 8-9, 18, but his pleading includes no "further factual enhancement," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557), to show either an "actual injury" under *Lewis v. Casey*, 518 U.S. 343, 348 (1996), or an "atypical" or "significant hardship" sufficient to invoke the Fourteenth Amendment's procedural protections under *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).   Thus, even if these claims were timely, the Court finds Plaintiff's SAC fails to address the deficiencies of pleading previously identified in both the Courts' December 5, 2012 and June 11, 2013 Orders, and thus, still fails to state a plausible claim showing he is entitled to relief as to either his access to courts or administrative grievance processing claims. *Iqbal*, 556 U.S. at 678.

Plaintiff also repeats various First, Eighth, and Fourteenth Amendment claims related to unspecified RJD officials' failure to give him a "proper hearing" concerning the conditions of his confinement while he was temporarily housed there for 91 days beginning on October 30, 2008.   *See* SAC at 16-17.   Specifically, Plaintiff alleges he was denied adequate outdoor exercise, clean linen, and a Qur'an, was kept in a cold, unsanitary cell with limited access to the prison canteen or cleaning supplies, and was hindered in his ability to communicate with counsel or otherwise practice his Muslim faith. *See* SAC at 10-14, 16-18.

With the exception of any free exercise claim alleged to arise under the RLUIPA, however, Plaintiff's SAC still fails to include sufficient factual content to show that any of these alleged constitutional violations were attributable to any individual person he has named as a Defendant, or that any of them are timely.   *See* Dec. 5, 2012 Order at 6 (citing *Taylor v. List*, 880 F.32d 1040, 1045 (9th Cir. 1989) (noting plaintiff must allege personal acts by each individual defendant which have a direct causal connection to the constitutional violation alleged), *id.* at 4-6 (citing *Jones v. Blanas*, 393 F.3d 918, 927 / / /

1   (9th Cir. 2004), and CAL. CODE CIV. PROC. § 335.1 (providing for 2-year statute of

2   limitations for personal injury claims)).

3       "A claim may be dismissed [for failing to state a claim] on the ground that it is

4   barred by the applicable statute of limitations only when 'the running of the statute is

5   apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at*

6   *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*,

7   465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears

8   beyond doubt that the plaintiff can prove no set of facts that would establish the

9   timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206

10  (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th

11  Cir.1993) (where the running of the statute of limitations is apparent on the face of a

12  complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided

13  an opportunity to amend in order to allege facts which, if proved, might support tolling).

14      While Plaintiff has twice been provided an opportunity to amend in order to plead

15  facts which might show that his condition of confinement claims, arising between

16  October 30, 2008 and January 31, 2009, when he "kn[e]w[] or had reason to know of the

17  injury which is the basis of the action," *see Maldonado v. Harris*, 370 F.3d 945, 955 (9th

18  Cir. 2004) (citations omitted),[1] might be subject to equitable tolling in addition to the

19  time during which his claims were subject to administrative review, *see* Dec. 5, 2012

20  Order at 5-6; June 6, 2013 Order at 5; *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)

21  (noting that "the applicable statute of limitations must be tolled while a prisoner

22  completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)),

23  Plaintiff's SAC fails to include any facts to show that he "diligently" pursued his claims

---

25  [1] To the extent Plaintiff implies his causes of action did not accrue until "well after [he]
    returned to CAL," and he "was informed by medical staff" that his hemorrhoids were "caused
26  by the conditions" at RJD, *see* SAC at 6, he is mistaken. *See Wallace v. Kato*, 549 U.S. 384, 391
    (2007) ("Under the traditional rule of accrual ... the tort cause of action accrues, and the statute
27  of limitations commences to run, when the wrongful act or omission results in damages. The
    cause of action accrues even though the full extent of the injury is not then known or
28  predictable.") (citation omitted). "Were it otherwise, the statute would begin to run only after
    a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of
    repose in the sole hands of the party seeking relief." *Id.*

once he received his Director's Level Decision in late July 2010, *see* SAC, Ex. 1 at 23, that their untimely filing more than two years later in October 2012 was the "product of forces beyond his control," or that the defendants would not be prejudiced by the untimeliness.[2] *See* Dec. 5, 2012 Order at 5-6 and June 6, 2013 Order at 5 (both citing *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal.App.4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (1978)).

In addition, while the RLUIPA claims alleged in Plaintiff's SAC are not untimely, the Court finds they nevertheless fail to state a claim upon which relief can granted because he may not seek damages against Defendants under RLUIPA to the extent they are alleged to have acted in their official capacities. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1659-60 (2011); *Holley v. Cal. Dept. of Corrections*, 599 F.3d 1108, 1114 (9th Cir. 2010) (holding that "[t]he Eleventh Amendment bars [a prisoner's] suit for official-capacity damages under RLUIPA.").

Plaintiff's SAC also fails to state a claim to the extent it seeks damages under the RLUIPA against Defendants in their individual capacities. *See Florer v. Congregational Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 n.3 (9th Cir. 2011) (noting that the Fifth, Seventh, Tenth, and Eleventh Circuits have all held that "RLUIPA does not provide for an action for damages for individual-capacity claims") (citing *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 327-28 & n.23 (5th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); and *Smith v. Allen*, 502 F.3d 1255, 1272-75 (11th Cir. 2007)); *see also Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (holding that "when invoked as a spending clause statute, RLUIPA does not authorize a claim for money damage against an official sued in her individual capacity[ ]"); *accord Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012); *Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th

---

[2] Plaintiff concedes that he is not entitled to statutory tolling pursuant to CAL. CODE CIV. PROC. § 352.1 because he is serving a "life term." *See* SAC at 6; *Jones*, 398 F.3d at 927 ("Though California law provides for the tolling of a statute of limitations for a period of up to two years based on the disability of imprisonment, the language of the tolling provision applies only to plaintiffs 'imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life.'") (quoting CAL. CODE CIV. PROC. § 352.1).

Cir. 2012).  And while the Ninth Circuit has "reserve[d] this question for another day," *Florer*, 639 F.3d at 922 n.3, numerous district courts within the Circuit have agreed with the Third, Fourth, Fifth, Seventh, Tenth and Eleventh Circuits' conclusion that RLUIPA does not provide for damages claims against officials sued in their individual capacities. *See e.g.*, *Grimes v. Favila*, 2011 WL 4479070 at *3 (S.D. Cal. Sept. 26, 2011) (adopting rationale of the Fourth, Fifth, Seventh and Eleventh Circuits to conclude that "Plaintiff cannot seek monetary damages against the [prison-official] defendants in their individual capacities under RLUIPA."); *accord Florer v. Bales-Johnson*, 752 F. Supp. 2d 1185, 1205-1206 (W.D. Wash. 2010) (footnote omitted) (dismissing religious diet claim because "individual Defendants cannot be held liable in their individual capacities in an action under RLUIPA"); *Parks v. Brooks*, 2010 WL 5186071 at *1-2 (D. Nev. Dec. 15, 2010); *Sokolsky v. Voss*, 2010 WL 2991522 at *2-4 (E.D. Cal. July 28, 2010); *Alvarez v. Hill*, 2010 WL 582217 at *11 (D. Or. Feb. 12, 2010); *Hundal v. Lackner*, 2009 WL 2985448 at *4 (C.D. Cal. Sept. 15, 2009); *Harris v. Schriro*, 652 F. Supp. 2d 1024, 1030 (D. Ariz. 2009).

Finally, while Plaintiff also seeks injunctive relief preventing Defendants from denying the "free practice of all religions," *see* SAC at 21, any claim he may pursue for injunctive relief under the RLUIPA was mooted by his transfer from RJD back to CEN on January 30, 2009. *Id.* at 11 (noting Plaintiff's "stay [at RJD] lasted until January 30, 2009).  "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)).  The same is true for a transfer from one prison to another.  *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]"); *Knows His Gun v. Montana*, 866 F. Supp. 2d 1235, 1242-43 (D. Mont. 2012)

(finding prisoner's transfer to another facility mooted his RLUIPA claims for injunctive or declaratory relief against the transferring facility).

Thus, because Plaintiff has failed to sufficiently amend in order to correct any of the deficiencies of pleading previously identified by the Court, and his Second Amended Complaint fails to state a timely constitutional or viable RLUIPA claim against any named Defendant, the Court finds it, like his previous pleadings, is subject to sua sponte dismissal pursuant to U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. The Court also finds further leave to amend would be futile. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (citing *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (the Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint).

## III.   CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1)      Plaintiff's Second Amended Complaint (ECF Doc. No. 23) is DISMISSED for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b);

2)      Further leave to amend is DENIED. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3)     The Court CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED:  March 17, 2014

HON. GONZALO P. CURIEL
United States District Judge